STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. AN-
GELO CASSAMASSO, PLAINTIFF IN ERROR.

Submitted October 13, 1928—Decided March 7, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the plaintiff in error, *John W. McGeehan, Jr.*

For the defendant in error, *Orville V. Meslar,* prosecutor
of the pleas.

The opinion of the court was delivered by

TRENCHARD, J.    Plaintiff in error, defendant below,
pleaded guilty, in the Morris County Court of Quarter Ses-
sions, to an indictment charging him with breaking and en-

tering, larceny and receiving. Upon his plea of guilty he was sentenced to a definite term of seven years in the state prison.

The only ground urged for reversal of that judgment is that the court erred in imposing such sentence because the sentence should have been an indeterminate one.

Giving consideration to the date of the offense in the present case we are bound to say that the contention stated is well founded in law.

The amendment to the Criminal Procedure act providing for indeterminate sentences, as applied to this case, was passed in 1922 (*Pamph. L.* 1922, *ch.* 50, *p.* 96) and reads as follows:

"2. Every such sentence to confinement in the state prison shall set forth a maximum term which shall be within or equal to the limit of imprisonment as provided in 'an act for the punishment of crimes [Revision of 1898],' its supplements and amendments, for the crime for which the prisoner was sentenced; such sentence shall likewise set forth a minimum term, which shall not be less than one year and not more than two-thirds of such maximum term."

The date of the commission of the offense charged in the indictment was February 25th, 1926. The defendant pleaded guilty thereto on May 23d, 1927, and was sentenced on May 27th, 1927, to the abovementioned term of seven years. The "Indeterminate Sentence act" was repealed by *Pamph. L.* 1926, *ch.* 214, *p.* 357, and such repealer took effect July 1st, 1926, admittedly before sentence was imposed upon the defendant, but the repealing act contains the following express proviso:

"6. This act shall take effect on the first day of July, one thousand nine hundred and twenty-six; *provided, however,* that any person convicted of an offense which was committed prior to the day on which this act shall take effect, shall be punished as if this act had not been passed, and any such person shall retain and have all the rights and benefits conferred by the acts herein repealed."

Since the crime in the present case was committed on February 25th, 1926, and since the Repealer act took effect July

1st, 1926, the defendant came within the proviso preserving to him the right to have an indeterminate sentence imposed upon him, and, therefore, the imposition of a sentence for a definite term of seven years was illegal and improper, and must be reversed for that reason.

But by the statute (*Pamph. L.* 1898, *p.* 916, § 144; 2 *Comp. Stat., p.* 1867, § 144), whenever (as here) a final judgment in any criminal case shall be reversed upon a writ of error, on account of error in the sentence, the court in which such reversal was had may render such judgment therein as should have been rendered, or may remand the case for that purpose to the court before which the conviction was had. *State* v. *Huggins,* 84 *N. J. L.* 254; *State* v. *Garris,* 98 *Id.* 608.

Accordingly the judgment in the present case will be reversed and the case remanded to the Court of Quarter Sessions of the county of Morris in order that such judgment may be rendered therein as should have been rendered.